NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 180492-U

NO. 4-18-0492

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
March 30, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Vermilion County |
| AVION T. SMITH, | ) | No. 14CF186 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Nancy S. Fahey, |
| | ) | Judge Presiding. |

JUSTICE HOLDER WHITE delivered the judgment of the court.
Presiding Justice Steigmann and Justice Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court reversed the trial court's summary dismissal of defendant's
postconviction petition and remanded for further proceedings.

¶ 2    Following an August 2014 jury trial, defendant, Avion T. Smith, was found guilty

of (1) aggravated battery with a firearm, a Class X felony (720 ILCS 5/12-3.05(e)(1), (h) (West

2012)) (count I) and (2) aggravated discharge of a firearm, a Class 1 felony (*id.* § 24-1.2(a)(2),

(b)) (count II). The trial court ordered the two counts merged and sentenced defendant to 20

years in prison. Defendant appealed, and this court affirmed defendant's conviction and

sentence. *People v. Smith*, 2014 IL App (4th) 140928-U, ¶ 26.

¶ 3    On October 10, 2017, defendant *pro se* filed a petition for postconviction relief

under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 to 122-7 (West 2016)), alleging

he (1) was actually innocent and (2) received ineffective assistance of trial counsel. Defendant attached to the petition a notarized affidavit from Jameil Smith (Jameil), the victim in this case, who averred that defendant did not shoot him.

¶ 4        On October 17, 2017, the trial court summarily dismissed defendant's postconviction petition. On November 20, 2017, defendant *pro se* filed a motion to reconsider the trial court's summary dismissal.

¶ 5        On January 22, 2018, defendant *pro se* filed an amended postconviction petition alleging again that he (1) was actually innocent and (2) received ineffective assistance of counsel. The following day, the trial court entered a written order denying defendant's motion to reconsider.

¶ 6        On July 9, 2018, defendant filed a late notice of appeal, which this court allowed. On appeal, defendant argues the trial court erred in dismissing his postconviction petition at the first stage of proceedings because he stated the gist of an actual innocence claim. The State concedes this issue. We accept the State's concession, reverse the trial court's judgment, and remand to the trial court for second-stage postconviction proceedings.

¶ 7                            I. BACKGROUND

¶ 8        On April 28, 2014, the State charged defendant by information with (1) aggravated battery with a firearm, a Class X felony (720 ILCS 5/12-3.05(e)(1), (h) (West 2012)) (count I) and (2) aggravated discharge of a firearm, a Class 1 felony (*id.* § 24-1.2(a)(2), (b)) (count II). Count I alleged that on or about April 23, 2014, defendant "knowingly discharged a firearm and caused injury to Jameil Smith ***." Count II alleged that on the same date, defendant "knowingly discharged a firearm in the direction of another person, Jameil Smith ***."

¶ 9        On August 27, 2014, the case proceeded to a jury trial. Based on the trial testimony of eyewitnesses Jeremiah Deneal and Hannibal Johnson, and out-of-court identifications by Jameil and eyewitness Darian Lucas, the jury found defendant guilty on both counts.

¶ 10        On September 22, 2014, defendant filed a motion for a new trial. On October 21, 2014, the trial court denied defendant's motion and sentenced him to 20 years in prison, finding that count II merged with count I.

¶ 11        Defendant appealed, arguing he was entitled to (1) a new sentencing hearing and (2) a reduction in fines. *Smith*, 2014 IL App (4th) 140928-U, ¶ 2. This court affirmed defendant's prison sentence, vacated his anti-crime assessment, and remanded with directions to apply his presentence custody credit against his various fines. *Id.* ¶ 26.

¶ 12        On October 10, 2017, defendant *pro se* filed a postconviction petition, alleging he (1) was actually innocent and (2) received ineffective assistance of trial counsel. With respect to his claim of actual innocence, defendant stated that he obtained "new evidence of his actual innocence in the form of an affidavit of the victim which is exculpatory in nature, and material towards innocence." Defendant attached to the petition a notarized affidavit from Jameil. In the affidavit, Jameil averred the following:

> "That [defendant] didn't shoot me[,] it was someone else and I was recovering [from] the tra[u]ma and said it was a different attacker. When I got out the coma detectives and my family told me [defendant] shot me but I never saw him shoot me or seen him with a gun. I felt like I was being pressured so I told them what they wanted to hear so they would leave me alone."

¶ 13        On October 17, 2017, the trial court entered a written order, which stated:

"The affidavit of [Jameil] dated April 6, 2017 appears to claim that he committed perjury during his testimony at trial on August 27, 2014 when he identified the Defendant as the man who shot him. In his affidavit [Jameil] now claims he does not know who shot him. A review of the trial transcripts and in particular the testimony of the other eyewitnesses make[s] it very difficult to believe, as now claimed in the affidavit, that [Jameil] did not see who shot him.

The Defendant makes no allegation that the State knew or should have known that [Jameil] was perjuring himself at trial. That even if [Jameil] had testified at trial consistent with his affidavit (that he didn't see who shot him) there was sufficient evidence for a reasonable jury to convict.

Therefore, the Court finds that the Post-Conviction Petition filed by the Defendant does not raise a Constitutional violation and is DISMISSED."

¶ 14 On November 20, 2017, defendant *pro se* filed a motion to reconsider the trial court's dismissal of his postconviction petition, arguing that based on Jameil's affidavit, "an argument that [his] identity was suggested to [Jameil] by others can be raised as a constitutional violation" and "the credibility determination that the evidence in [Jameil]'s affidavit cannot be believed because of the other eyewitnesses['] testimonies or any other evidence was improper at the pleading stage of this proceedings."

¶ 15 On January 22, 2018, defendant *pro se* filed an amendment to his original postconviction petition, alleging substantially the same claims.

¶ 16 On January 23, 2018, the trial court entered a written order finding defendant's motion to reconsider was untimely. Nonetheless, the trial court considered and denied defendant's motion on the merits, stating, "The Defendant's motion reiterates the arguments

made initially and attempts to cure the defects that this court raised in its Order of October 17, 2017. There is no justifiable reason raised by Defendant in his motion to now allow the raising of additional issues."

¶ 17		This appeal followed.

¶ 18							II. ANALYSIS

¶ 19		On appeal, defendant argues the trial court erred when it summarily dismissed defendant's postconviction petition at the first stage of proceedings because it employed the incorrect standard of review and the petition stated the gist of an actual innocence claim. The State concedes the trial court erred and agrees this court should reverse the trial court's judgment and remand for second-stage postconviction proceedings.

¶ 20						A. Postconviction Proceedings

¶ 21		"The Act provides a method by which persons under criminal sentence in this state can assert that their convictions were the result of a substantial denial of their rights under the United States Constitution or the Illinois Constitution or both." *People v. Hodges*, 234 Ill. 2d 1, 9, 912 N.E.2d 1204, 1208 (2009). Proceedings under the Act are divided into three stages. *Id.* at 10. At the first stage, the defendant must set forth only the "gist" of a constitutional claim. See *id.* at 9. While this is a "low" threshold, it "does not mean that the defendant is excused from providing any factual detail to support the alleged constitutional violation." *People v. Henderson*, 2014 IL App (2d) 121219, ¶ 22, 13 N.E.3d 342.

¶ 22		During the first stage of proceedings, the court must determine whether the petition is frivolous or patently without merit. *Hodges*, 234 Ill. 2d at 10. A petition is frivolous or patently without merit when it has no arguable basis either in law or in fact. *Id.* at 12. "At this stage, the circuit court is not permitted to engage in any fact-finding or credibility

determinations, as all well-pleaded facts that are not positively rebutted by the original trial record are to be taken as true." *People v. Scott*, 2011 IL App (1st) 100122, ¶ 23, 958 N.E.2d 1046 (citing *People v. Coleman*, 183 Ill. 2d 366, 385, 701 N.E.2d 1063, 1073 (1998)). We review the trial court's summary dismissal of a postconviction petition *de novo*. *People v. Tate*, 2012 IL 112214, ¶ 10, 980 N.E.2d 1100.

¶ 23                                    B. Claims of Actual Innocence

¶ 24            "The due process clause of the Illinois Constitution affords postconviction petitioners the right to assert a freestanding claim of actual innocence based on newly discovered evidence." *People v. Ortiz*, 235 Ill. 2d 319, 333, 919 N.E.2d 941, 949-50 (2009). To warrant a new trial, the evidence must be (1) newly discovered, (2) material and not merely cumulative, and (3) of such conclusive character that it would probably change the result on retrial. *Id.*; *People v. Molstad*, 101 Ill. 2d 128, 134, 461 N.E.2d 398, 402 (1984). "[N]ewly discovered evidence" is evidence that was unavailable at the original trial that could not have been discovered sooner through diligence. *People v. Anderson*, 402 Ill. App. 3d 1017, 1028, 931 N.E.2d 715, 725 (2010).

¶ 25            Potentially exonerating eyewitness testimony may be newly discovered—even when the witness testified in prior proceedings—when the witness reveals they were untruthful in their prior testimony due to outside threats or pressure. See *People v. Harper*, 2013 IL App (1st) 102181, ¶ 42, 987 N.E.2d 954 (holding that a witness's recanted identification was newly discovered where the witness "attested that his trial testimony was a lie and that police officers threatened him to obtain the testimony" because "due diligence could not have compelled [him] to testify truthfully at the first trial"); see also *People v. White*, 2014 IL App (1st) 130007, ¶¶ 21-22, 24 N.E.3d 158 (holding that a murder witness's affidavit stating he falsely identified the

defendant as the shooter due to threats from the victim's brother was "newly discovered" even where the defendant knew of and attempted to interview the witness). The new evidence need not prove actual innocence; it is enough that " 'all of the facts and surrounding circumstances *** should be scrutinized more closely to determine guilt or innocence.' " *Ortiz*, 235 Ill. 2d at 337 (quoting *Molstad*, 101 Ill. 2d at 136).

¶ 26                                          C. This Case

¶ 27        First, we agree with the parties that the trial court applied the incorrect standard of review at this stage of proceedings. The court's statement that Jameil's proposed testimony was "very difficult to believe" and "suspect" amounted to a credibility determination that was improper at the first stage of proceedings. See *Scott*, 2011 IL App (1st) 100122, ¶ 23. The court also failed to construe Jameil's affidavit liberally as required by the Act, stating only that Jameil "did not know" who shot him. In fact, Jameil affirmatively stated, based on his own personal knowledge, that defendant was not the shooter and that he never saw him with a gun.

¶ 28        Next, the State concedes that defendant's petition had arguable bases in law and fact because Jameil's averments (1) were neither "fantastic or delusional" nor positively rebutted by the record and (2) have the potential to exonerate defendant.

¶ 29        Jameil's proposed testimony—construed liberally—was arguably newly discovered. Similar to *White* and *Harper*, Jameil averred that his prior identification of defendant was not truthful but rather a result of pressure from detectives to identify his attacker while recovering from a weeks-long coma. Accordingly, Jameil's affidavit was arguably newly discovered where "no amount of diligence by defendant could have compelled [him] to testify to the statements in his affidavit sooner." See *White*, 2014 IL App (1st) 130007, ¶ 22.

- 7 -

¶ 30 Moreover, Jameil's proposed testimony that defendant was not the shooter was arguably material and noncumulative. Jameil's testimony, "if believed, would 'produce new questions to be considered by the trier of fact' that concern defendant's guilt." *Id.* ¶ 24 (quoting *Molstad*, 101 Ill. 2d at 135); see also *Ortiz*, 235 Ill. 2d at 335 (determining that a "first-person account of the incident that directly contradicted the prior statements of the two eyewitnesses for the prosecution" on the issue of who murdered the victim was not cumulative).

¶ 31 Finally, Jameil's proposed testimony would arguably tend to exonerate defendant and contradict the State's evidence. Jameil's allegation that the detectives pressured him to identify defendant could potentially undermine confidence in the other State's witnesses' identifications and weaken the case against him. We conclude this evidence, if believed, would be "capable of producing a different outcome at trial." See *Harper*, 2013 IL App (1st) 102181, ¶ 49.

¶ 32 In light of the low burden placed upon a petitioner at the first stage of a postconviction proceeding, we accept the State's concession that defendant presented sufficient evidence to support an actual innocence claim based on newly discovered evidence. See *People v. Edwards*, 197 Ill. 2d 239, 244, 757 N.E.2d 442, 445 (2001). It is at least arguable that Jameil's affidavit, which affirmatively states that defendant did not shoot him, was newly discovered, material and noncumulative, and so conclusive as to probably change the result on retrial. See *Hodges*, 234 Ill. 2d at 20-21. We make no judgment as to the appropriate outcome of this case. We hold only that defendant has alleged sufficient facts to avert the first-stage dismissal of his *pro se* postconviction petition and advance it to a second-stage proceeding under the Act, where counsel can be appointed and, if the State moves to dismiss the petition, "the circuit court must

determine whether the petition and any accompanying documentation make a substantial showing of a constitutional violation." *Edwards*, 197 Ill. 2d at 246.

¶ 33                                      III. CONCLUSION

¶ 34          For the reasons stated, we reverse the trial court's judgment and remand to the trial court for second-stage postconviction proceedings.

¶ 35          Reversed and remanded.